UNITED STATES, Appellee

v

RODERICK D. HOUSTON, Airman Apprentice, U. S. Navy,
Appellant

and

TERRY E. WHALEY, Aviation Structural Mechanic (Hydraulics)
Airman, U. S. Navy, Appellant

No. 28,064 and No. 28,017

August 2, 1974

*Lieutenant William Polkinghorn, Jr.,* JAGC, USNR, argued the cause for Appellants, Accused.

*Lieutenant Christopher H. Mills,* JAGC, USNR, argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel L.K. O'Drudy, Jr.,* USMC, and *Lieutenant Mark D. Wigder,* JAGC, USN.

## OPINION OF THE COURT

FERGUSON, Senior Judge:

This case presents an issue concerning the validity of a search of the appellants' barracks room authorized by their commanding officer. Specifically, we are called upon to determine whether the commanding officer made an adequate independent determination of the reliability of the informant who supplied the information underlying the authorization to search.

The commanding officer, Captain John E. Smith, of the Naval Air Station, Imperial Beach, California, authorized the search in a telephone conversation with his officer of the day, Lieutenant (j.g.) H.L. Jones, and Special Agent Edward Fitzpatrick of the Naval Investigative Service. Although Lieutenant Jones was empowered to authorize searches upon probable cause in his capacity as officer of the day, he had never acted in such a capacity previously, and telephoned Captain Smith for guidance. Thereafter, Captain Smith himself ordered the search, and Lieutenant Jones signed a written authorization "in the behalf of the Captain of the base." Captain Smith testified at trial that, as to the reliability of the informant who supplied the information, he was "more or less relying on his [Special Agent Fitzpatrick's] determination of the reliability of his source" and on his "professional competence." When the search of the appellants' barracks room was made, marijuana,

amphetamines, secobarbital, and LSD were discovered and confiscated, giving rise to the charges in these cases.

In affirming the findings and sentence, the U. S. Navy Court of Military Review found "there was sufficient evidence before the Commanding Officer to establish the quality or reliability of the informer because of his past valid tips." The Court of Military Review was satisfied that the commanding officer was advised of the information set forth in a written request to search as follows:

> Said informant's reliability has been established to the affiant in that said informant has provided information to the affiant which has resulted in the arrest of five persons for narcotics (felony) violations in the last two months.

Although the commanding officer did not see the written request, he did speak on the telephone with Special Agent Fitzpatrick, the affiant. At trial, however, Captain Smith was unable to recall the information relating to the reliability of the informant which was given to him during the telephone conversation with Fitzpatrick. Under cross-examination, Captain Smith stated it was his impression that Fitzpatrick had "discussed the situation alleged to be taking place in the barracks directly with this informant," when in fact Fitzpatrick had not talked personally with the informant. Captain Smith also testified that his reliance on Special Agent Fitzpatrick's assessment of the informant's reliability was based on "the good reputation of NISO [Naval Investigative Service Organization] agents in general."

We hold that these facts establish that the commanding officer who granted authorization to search under these circumstances did not make an adequate independent evaluation of the reliability of the informant whose tip provided the factual grounds for probable cause to conduct a search for contraband items in appellants' barracks room. Even if the evidence introduced during the suppression motion is interpreted most favorably to the Government, and if it is assumed that Captain Smith was made aware of all the evidence known to Lieutenant Jones and Agent Fitzpatrick, the fact still remains that Captain Smith made no independent evaluation of the informant's reliability, but rather deferred to Fitzpatrick's judgment in the matter. But the requirements of probable cause must be found by a neutral and detached magistrate in the constitutional sense, in this case by the commanding officer, and these constitutional duties may not be delegated to others holding law enforcement duties.

> [I]n military law the "independent judicial officer" is the commanding officer to whom application for authority to search is made and it is his decision and not that of the investigating officers which governs "whether . . . privacy is to be invaded." He personally weighs the evidence and determines the existence of probable cause.

United States v Hartsook, 15 USCMA 291, 295, 35 CMR 263, 267 (1965). Unlike United States v Lidle, 21 USCMA 455, 457, 45 CMR 229, 231 (1972), where the informant's reliability "was satisfactorily established" by the agent "informing the commanding officer of his having made a controlled purchase and of his having provided other information that had been confirmed," in this case the commanding officer looked not to the evidence establishing the informant's reliability, but only to the investigator's conclusion that he was reliable, a far different matter. The commanding officer who authorized the search simply did not understand that his magisterial role required him to personally evaluate the reliability of the informant before utilizing his information in a probable cause determination. Consequently, notwithstanding that probable cause to search might otherwise have been present on the facts in these cases, we cannot affirm a conviction when it is based upon contraband seized in a search where the evidence supporting probable cause was improperly evaluated by the person authorized to order the search. See United States v Atkins, 22 USCMA 244, 46 CMR 244 (1973).

The decision of the U. S. Navy Court of Military Review in these cases is reversed. The findings of guilty and the sentence as to each appellant are set aside, and the charges are dismissed.

Judge QUINN concurs.